UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

DOMENIC BUELL )
 )
    *Petitioner*, )
v. ) No. 4:12-CV-53
 ) *Mattice/Lee*
ROLAND COLSON, WARDEN )
 )
    *Respondent.* )

## **MEMORANDUM**

Domenic Buell ("Petitioner"), a prisoner at Riverbend Maximum Security Institution in Nashville, Tennessee filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 (Court Doc. 1). The United States District Court, Middle District of Tennessee, Nashville Division, granted Petitioner's application to proceed *in forma pauperis* prior to transferring the case to this Court (Court Doc. 4).

Although the Court was able to discern that Petitioner is attacking a 2007 criminal conviction for aggravated child abuse from the Criminal Court of Bedford County, Tennessee to which he pleaded guilty and received an eighteen year sentence, to serve 100%, the Court ordered Petitioner to complete a proper § 2254 petition within thirty (30) days from the date of the Court's July 23, 2012, Order (Court Doc. 6). This was so because the handwritten document was difficult to read and decipher, failed to substantially follow the form appended to the habeas corpus rules and include all of the required information, and was almost unreadable. Rather than abide by the Court's order, Petitioner sent a letter addressed to the Court Clerk stating he wishes to voluntarily dismiss his habeas petition (Court Doc. 7). Noting there was nothing in the

letter indicating Petitioner's decision to request to withdraw his §2254 petition was being made knowingly, voluntarily, and intelligently, with a full understanding of the potential consequences of withdrawing his §2254 petition, the Court informed Petitioner it was inclined to dismiss Petitioner's habeas petition with prejudice as it appeared to be time-barred, but the Court gave Petitioner one more opportunity to abide by the Court's previous order before doing so. Therefore, the Court issued an order on October 2, 2012, notifying Petitioner that if he did not file a proper habeas petition on the form the Clerk was directed to send him within **thirty (30) days** from the date of this Order, the Court would dismiss the case without further notice by the Clerk of Court.

Petitioner has failed to file a proper § 2254 petition or a proper motion requesting to voluntarily dismiss his petition. Therefore, this action will be **DISMISSED** *sua sponte*, for failure to comply with the orders of this Court. Fed. R. Civ. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

An appropriate judgment will enter.

                                       */s/ Harry S. Mattice, Jr.*
                                           HARRY S. MATTICE, JR.
                                           UNITED STATES DISTRICT JUDGE